The plaintiff procured a grant for the land in controversy from the State of Tennessee, dated in the year 1808, and proved the defendant was in possession at the time of the service of the declaration in ejectment.
The defendant then introduced as evidence a grant to himself for the same land, from the State of North Carolina, of a date long anterior to that relied on by the plaintiff. The defendant's grant called to begin "on a sycamore, running thence," c. No actual survey was ever made.
For the purpose of proving the beginning called *Page 364 
for in the grant, the defendant offered in evidence an entry made in his name, upon which grant was founded, calling to begin at a "sycamore marked I. T. — A. B. And further, that before the making of the entry the sycamore tree had been marked with these letters by a company of locators, with a view of calling for it in an entry to be made for the defendant.
The evidence offered is not admissible. To establish a grant there must be an actual survey, or such a description in the grant itself, as will lead to the place called for. In this case there is no actual survey, no marked lines or corners were ever made for the survey; nor is any object called for so distinguishable from other objects as to make it certain what particular spot is to be fixed on as the beginning. A tree may have been marked as the beginning of an entry, and an entry may afterwards have been made calling for the tree so marked; but still, unless the grant in calling to begin at a tree, so describes that tree as far it to be certain it was the one intended, evidence of the marking of the tree and making of the entry is not admissible to support the grant. Such a description or reference is not given in this case. And the Court is further of opinion that in all cases where there has been no actual survey the grant can not be good unless it contains a good description of the land in reference to natural objects, such as watercourses, mountains, etc., or other lines capable of identification. The call to begin on a tree will not do, unless the tree possesses some peculiar qualities distinguishing it from other trees, which qualities must be described in the grant. Nor is it competent in this case for the defendant to prove the marking of this tree for a location. Marked lines and corners, made for a location and not for the survey, can not be given in evidence to support the calls in the grant, unless they are referred to by the certificate of survey.
Taking all the case together, the Court is decidedly of opinion that the marking of a tree for the beginning of a location is not competent evidence to prove the *Page 365 
corner called for in a grant, unless, by some expression in the grant, it is evident that the tree which it calls for is the one marked for the location.